UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE THE PETITION OF MT "BALTIC
SOUL" PRODUKTENTANKSCHIFF-              15 MISC 319 (LTS)
AHRTSGESELLSCHAFT MGH & CO. KG
and NORIENT PRODUCT POOL APS

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Before the Court is the ex parte Petition of MT "Baltic Soul" Produktentankschiffahrtsgesellschaft mbH & Co. KG ("Baltic Soul") and Norient Product Pool APS ("Norient" and, with Baltic Soul, "Petitioners") seeking permission to conduct discovery pursuant to 28 U.S.C. § 1782.  The Court has considered Petitioners' application and accompanying documents carefully.  For the following reasons, the Petition is denied.

Background

The following facts are drawn from the Petition and are taken as true for the purposes of this decision.

Baltic Soul is the owner of the M/T BALTIC SOUL, a pool of vessels operated commercially by Norient.  (Petition ¶ 5 & n.2.)  Petitioners entered into a maritime charter party contract with Tadema Shipping & Logistics Inc. ("Tadema") and Taleveras Group of Companies Ltd. ("Taleveras Group").[1]  (Id. ¶ 5.)  Pursuant to the charter party, Baltic Soul was to deliver a cargo of gasoline from Belgium to Nigeria.  (Id.)  According to the Petition, Baltic Soul fully performed its obligations under the charter party.  (Id. ¶ 6.)  However, Petitioners claim that

---

[1] The Petition describes the contractual relationship as being between Baltic Soul and Tadema "and/or" Taleveras Group, for reasons unclear to the Court.  For purposes of this analysis, it will be assumed that both Tadema and Taleveras Group are parties to the underlying contract.

Tadema and Taleveras Group failed to pay the entire amount owed under the charter party.  (Id. ¶ 7.)

Baltic Soul commenced litigation in London to resolve the dispute on March 30, 2015.  (Id. ¶ 13.)  On June 10, 2015, the English High Court of Justice, Commercial Court, granted summary judgment in favor of Petitioners and against Tadema and Taleveras Group.  (Id. ¶ 16.)  Petitioners claim that the sum awarded remains unpaid and owing by Tadema and Taleveras Group.  (Id. ¶ 17.)

Petitioners therefore seek "to commence actions for recognition and enforcement" of the English court order against Tadema and Taleveras Group "as well as against certain alleged alter ego[s]" of those two companies.  (Id. ¶ 20.)  They seek discovery under 28 U.S.C. section 1782 for use in those as-yet-uninitiated proceedings.

Discussion

The Petition Does Not Satisfy the Statutory Requirements of Section 1782.

28 U.S.C. section 1782 permits United States district courts to authorize certain persons to take discovery in aid of foreign proceedings.  The statute imposes three separate requirements, which are the starting point for this Court's inquiry.  See Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).  The three requirements are: (1) that "the person from whom discovery is sought resides" in this district; (2) that "the discovery is for use in a foreign proceeding before a foreign tribunal"; and (3) that the application is made by an "interested person" or a foreign tribunal.  Id.

Petitioners satisfy the first and third prongs of section 1782: the banks from whom they seek discovery are located in New York, and Petitioners are "interested persons" in the contemplated foreign litigation.  See Intel Corp. v. Advanced Micro Devices, 542 U.S. 241,

256 (2004) (defining "interested person").

However, Petitioners' proffers do not satisfy the second statutory requirement of section 1782: that the discovery be for use in a foreign proceeding. Not all foreign matters are "proceedings" within the meaning of section 1782. Rather, section 1782 discovery is available in aid of "adjudicative" foreign proceedings, and is inappropriate where the merits of a controversy have already been decided by the foreign tribunal. Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24, 28 (2d Cir. 1998). Additionally, the Supreme Court has made clear that even an appropriate, adjudicative foreign proceeding must be "within reasonable contemplation" of the party seeking leave to take discovery under section 1782. Intel, 542 U.S. at 259. The Second Circuit has recently clarified this standard to require that "the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." Certain Funds, Accounts and/or Investment Vehicles v. KPMG, L.L.P., 798 F.3d 113, 123 (2d Cir. 2015). The Second Circuit went on to state that an applicant "must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." Id. at 124 (emphasis added).

Petitioners have provided no such concrete basis here for a determination that the discovery is actually being sought in aid of a contemplated foreign adjudicative proceeding. First, as to Tadema and Taleveras Group, the discovery Petitioners seek is precluded by the Second Circuit's decision in Euromepa, 154 F.3d at 27 (2d Cir. 1998), because the liability of Tadema and Taleveras Group has already been conclusively established by the English court action. Any discovery as to Tadema and Taleveras Group would only be in relation to a contemplated post-judgment action, which Euromepa holds is not a "foreign proceeding" within

the meaning of section 1782.  Id. at 27-28.

As to the other five companies named in the Petition, Petitioners allude to the prospect of bringing additional proceedings to establish these companies' liability.  Based on the record before the Court, however, Petitioners appear only to be "discussing the *possibility* of initiating litigation."  KPMG, 798 F.3d at 124 (emphasis in original).  Petitioners do not identify with particularity the types of proceedings they expect to bring against the purported alter ego companies, nor the countries or tribunals in which they may take action (aside from cursory references to England and Anguilla).  On this record, proceedings to establish the alter ego status of the target entities are not yet "within reasonable contemplation" as required by Intel.  542 U.S. at 259.  The Petitioners may, however, file a future application based on new circumstances if they are able to demonstrate that their progress toward alter ego proceedings has ripened such that proceedings are within reasonable contemplation.  See id. at 125.

Alternatively, the Petition Is Denied in the Exercise of This Court's Discretion.

The statutory text of section 1782, and the Supreme Court's decision in Intel, make clear that discovery under the statute is ultimately a matter of the Court's discretion.  Thus, even if Petitioners' alter ego proceedings were currently within reasonable contemplation within the meaning of section 1782, the decision whether to grant them relief under that section is discretionary and the court must determine whether discovery is in fact warranted.  In Intel, the Supreme Court identified four factors that guide this Court's discretionary analysis as to whether a section 1782 petition should be granted: (1) whether the person from whom discovery is sought is a participant in a foreign proceeding, (2) whether the foreign tribunal provides similar assistance to American courts as a matter of comity, (3) whether the petition is an attempt to circumvent proof-gathering restrictions in foreign or American courts, and (4) whether the

requested discovery is overly broad.  Intel, 542 U.S. at 264-65.

Here, the first factor militates in favor of granting the requested discovery, as none of the banks from which discovery is sought is participating in the foreign proceeding.  The second and third factors cannot be fully determined here, however, because the Petitioners have not identified with particularity the foreign tribunal(s) in which they would seek to bring their enforcement actions, other than general references to possible proceedings in England and Anguilla.  The fourth factor weighs heavily against Petitioners given the significant breadth of the requested discovery.  Petitioners seek discovery from 11 large, international banks as to seven different business entities.  As to each of those entities, Petitioners seek, from each of the 11 banks: (1) all payment orders, instructions, and wire transfers; (2) all documents relating to any transactions; (3) any accounts or assets, and identifying information, including ownership information and signature cards regarding those accounts; (4) all contracts or other obligations; and (5) all loan or financing agreements.

In that judgment enforcement proceedings are not within the proper scope of section 1782 assistance, the only potentially appropriate discovery purpose Petitioners have identified is adjudication of the issue of the affiliates' alter ego status.  Their request for disclosure of every financial transaction these companies have engaged in with 11 different banks, along with considerable additional financial information, sweeps far too broadly to be proper for that limited purpose.  Petitioners' request has every indication of being an archetypal fishing expedition designed to locate assets to satisfy the English court judgment, rather than a bona fide attempt to develop evidence substantiating their alter ego contentions; granting their request therefore would not be in keeping with the ultimate purpose of section 1782.  See KPMG, 798 F.3d at 117 (noting the "twin aims" of section 1782 as being "providing efficient

means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts"). The Court declines to facilitate such an exercise based on the present record.

## Conclusion

For the foregoing reasons, the Petition is denied, without prejudice to the future commencement of a new miscellaneous proceeding upon a more narrowly tailored Petition demonstrating that foreign proceedings for the adjudication of the merits of Petitioners' alter ego contentions are within reasonable contemplation. The Clerk of Court is requested to close this miscellaneous matter.

SO ORDERED.

Dated: New York, New York
October 6, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge